Filed 5/13/14  P. v. Ferguson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP RAY FERGUSON,<br><br>          Defendant and Appellant. | C074558<br><br>(Super. Ct. Nos. SF119609A, LF012103A, LF012192A, LF012888A, LF013370A & LF013414A) |

In appeals from judgments in six cases, appointed counsel for defendant Phillip Ray Ferguson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

Based on our review of the record, we will reverse the award of presentence credit in case Nos. LF013370A and LF013414A and remand the matters to the trial court with direction to award conduct credit in those cases.  We will also direct the trial court to correct a clerical error on the abstract of judgment in case No. LF012888A, so that it indicates a sentence of two years rather than one year four months.  Finding no other

1

arguable error that would result in a disposition more favorable to defendant, we will affirm the judgments in all other respects.

BACKGROUND

A

Case No. SF119609A (No. 609) was originally filed in San Mateo County and later transferred to San Joaquin County. Because the matter was resolved by plea and defendant waived referral to the probation department, the facts are taken from the plea colloquy. In December 2009, defendant willfully and unlawfully possessed methamphetamine and resisted, delayed, and obstructed Menlo Park police officers who were attempting to discharge their duties. Defendant pleaded no contest to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) -- count one) and misdemeanor obstructing a peace officer (Pen. Code, § 148, subd. (a)(1) -- count four). In exchange, the trial court dismissed two related counts, suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions including six months in jail, awarded 61 days of custody credit and 60 days of conduct credit, and ordered defendant to pay a $200 restitution fine (Pen. Code, § 1202.4) plus administrative fee, a $200 probation revocation fine (Pen. Code, § 1202.44), an $80 court security (now operations) fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $60 court facilities assessment (Gov. Code, § 70373). The minutes also reflect a probation supervision fee of $75 per month.

B

Because case No. LF012103A (No. 103) was resolved by plea and defendant requested immediate sentencing, the facts are taken from the operative pleading. In July 2010, defendant possessed a knife. Defendant pleaded no contest to possession of a deadly weapon. (Former Pen. Code, § 12020, subd. (a), now Pen. Code, § 20200 et seq.) In exchange, the trial court dismissed two related counts, suspended imposition of sentence and placed defendant on probation for five years with various terms and

2

conditions including 90 days in jail, awarded 19 days of presentence credit (the clerk's minutes do not apportion the credit between custody and conduct credit), and ordered defendant to pay a $200 restitution fine plus administrative fee, a $200 probation revocation fine, a $150 penal fine, a $30 court security fee, and a $30 court facilities assessment.

## C

Case No. LF012192A (No. 192) was also resolved by plea and defendant waived referral to probation. Accordingly, the facts are taken from the operative pleading. In September 2010, defendant possessed ammunition and reloaded ammunition following his conviction of possession of a knife. He pleaded no contest to possession of ammunition. (Pen. Code, § 12316, subd. (b)(1).) In exchange, the trial court dismissed four related counts, suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions including 80 days in jail, awarded 54 days of presentence credit (the clerk's minutes do not apportion the credit between custody and conduct credit), and ordered defendant to pay a $200 restitution fine plus administrative fee, a $200 probation revocation fine, a $150 penal fine, a $30 court security fee, and a $30 court facilities assessment. The trial court also ordered defendant to serve 14 days concurrent in lieu of a fine.

## D

Because case No. LF012888A (No. 888) was resolved by plea and defendant waived referral to probation, the facts are taken from the operative pleading. In October 2011, defendant willfully and unlawfully used force and violence upon the victim. He pleaded no contest to assault by force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) The trial court suspended imposition of sentence and placed defendant on probation for five years with various terms and conditions including 360 days in jail, awarded 77 days of presentence credit (the clerk's minutes do not apportion the credit between custody and conduct credit), ordered defendant to pay a

3

$240 restitution fine plus administrative fee, a $240 probation revocation fine, a $190 penal fine, a $40 court operations fee, and a $30 court facilities assessment.

E

Case No. LF013370A (No. 370) was resolved by plea and defendant waived referral to probation. The facts are taken from the operative pleading. In July 2012, defendant possessed methamphetamine. He pleaded no contest to misdemeanor possession of methamphetamine. The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions including 30 days in jail, awarded 15 days of presentence credit (the clerk's minutes do not apportion the credit between custody and conduct credit), ordered defendant to pay a $120 restitution fine plus administrative fee, a $120 probation revocation fine, a $130 penal fine, a $190 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) including penalty assessments, a $40 court operations fee, and a $30 court facilities assessment.

F

Case No. LF013414A (No. 414) was also resolved by plea and defendant waived referral to probation. The facts are taken from the operative pleading. In August 2012, defendant possessed methamphetamine. He pleaded no contest to misdemeanor possession of methamphetamine. The trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions including 30 days in jail, awarded two days of presentence credit, and ordered defendant to pay a $120 restitution fine plus administrative fee, a $120 probation revocation fine, a $130 penal fine, a $190 laboratory analysis fee including penalty assessments, a $40 court operations fee, and a $30 court facilities assessment.

G

In case Nos. 609 and 888, a probation officer filed reports on January 22, 2013, alleging that defendant failed to report to probation, failed to complete a court-ordered treatment program, and failed to obey reasonable directions of the probation officer.

That same day, a probation officer filed affidavits in case Nos. 370 and 414 alleging that defendant failed to obey all laws and that he had a pending prosecution in another San Joaquin County case.

On January 29, 2013, a probation officer filed affidavits in case Nos. 103, 192 and 888 alleging the same failure to obey all laws.

In a contested hearing regarding case Nos. 609 and 888, Probation Officer Erica Mendez testified that she was assigned to supervise defendant. Mendez advised defendant by telephone that he was to attend weekly sessions of Moral Recognition Therapy. The next month, Mendez's supervisor also reminded defendant to attend the therapy sessions. Nonetheless, in January 2013 the therapy provider advised Officer Mendez that defendant had been terminated from the program because he had not attended the sessions.

Officer Mendez added that defendant was required to report monthly to the probation department and that he had last reported on November 14, 2012. In December 2012, Officer Mendez telephoned defendant and left a message requesting that he return her call. Officer Mendez also spoke on the telephone with a woman who said she would give the message to defendant.

Defendant testified that he recalled speaking with Officer Mendez in October 2012 concerning the need to attend therapy sessions and report monthly to probation. Defendant explained that he did not attend therapy sessions because his grandmother passed away and he believed he had clearance from the probation department to delay his resumption of the therapy sessions. Defendant acknowledged receiving the subsequent message from Officer Mendez. He admitted that he had not contacted the probation

5

department in January 2013 because he had been hospitalized and was taking medications that made him feel "out of it."

Regarding case Nos. 103, 192, 370 and 414, the probation department alleged that on January 18, 2013, defendant violated Penal Code sections 273.5 [willful infliction of corporal injury] and 422 [criminal threats]. After hearing from two prosecution witnesses, the trial court found that defendant had violated the terms and conditions of his probation.

On August 5, 2013, the trial court sentenced defendant as follows:

In case No. 609, the trial court sentenced defendant to the middle term of two years in prison on count one and a concurrent one year in jail on count four, awarded 290 days of custody credit and 290 days of conduct credit, confirmed the previously imposed fines and fees, and ordered execution of the previously stayed probation revocation fine. Although not included in the oral pronouncement, the trial court's minutes and abstract of judgment reflect a $200 parole revocation fine. (Pen. Code, § 1202.45.) The trial court orally recollected that a $140 fine had previously been imposed in connection with count four, but no such fine appears in record, including the minutes and the abstract of judgment.

In case No. 103, the trial court sentenced defendant to the low term of 16 months in prison, concurrent with the sentence in case No. 609, awarded 288 days of custody credit and 288 days of conduct credit, confirmed the previously imposed fines and fees, and ordered execution of the $200 probation revocation fine. The minutes and abstract of judgment also reflect a $200 parole revocation fine.

In case No. 192, the trial court sentenced defendant to the low term of 16 months in prison, concurrent with the sentence in case No. 609, awarded 340 days of custody credit and 340 days of conduct credit, confirmed the previously imposed fines and fees, and ordered execution of the probation revocation fine. The minutes and abstract of judgment also reflect a $200 parole revocation fine.

6

In case No. 888, the trial court sentenced defendant to the low term of two years in prison, concurrent with the sentence in case No. 609, awarded 374 days of custody credit and 374 days of conduct credit, confirmed the previously imposed fines and fees, and ordered execution of the probation revocation fine.  The minutes and the abstract of judgment also reflect a $240 parole revocation fine.

In case No. 370, the trial court sentenced defendant to one year in jail, concurrent with the sentence in case No. 609, awarded 211 days of custody credit, confirmed the previously imposed fines and fees, and ordered execution of the probation revocation fine.

In case No. 414, the trial court sentenced defendant to one year in jail, concurrent with the sentence in case No. 609, awarded 200 days of custody credit, confirmed the previously imposed fines and fees, and ordered execution of the probation revocation fine.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record discloses that the trial court did not orally award conduct credit in case Nos. 370 and 414.  We will direct the trial court to award conduct credit in those cases.

In addition, the record discloses a clerical error on the abstract of judgment in case No. 888.  The trial court sentenced defendant to the low term of two years in prison, but paragraph 1 of the abstract incorrectly identifies the sentence as one year four months. We will direct the trial court to correct that clerical error.

7

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The awards of presentence credit in case Nos. 370 and 414 are reversed, and the matters are remanded to the trial court with direction to award conduct credit in those cases.  In all other respects, the judgments are affirmed.  The trial court shall amend the abstracts of judgment in case Nos. 370 and 414 to reflect the presentence credit awarded in those cases.  In addition, the trial court is directed to correct a clerical error on the abstract of judgment in case No. 888, so that it indicates a sentence of two years rather than one year four months.  The trial court shall forward a certified copy of the amended and corrected abstracts of judgment to the Department of Corrections and Rehabilitation.

MAURO                        , J.


We concur:


BLEASE                    , Acting P. J.


HULL                    , J.

8